HENRY UNDERKOFFLER v. THOMAS B. SCOTT, Appellant.

EVIDENCE fails to show an agreement to convey a tract of land, as claimed by plaintiff.

*Appeal from Franklin District Court.*—HON. D. R. HINDMAN, Judge.

WEDNESDAY, MAY 23, 1894.

ACTION for a decree for specific performance to convey real estate. Decree for plaintiff, and defendant appealed.—*Reversed.*

*E. P. Andrews* for appellant.

No argument for appellee.

GRANGER, C. J.—The defendant was the owner of a tract of land on the south side of the railway track, in the village of Alexander, in Franklin county, through which he caused streets to be laid, and the land abutting to be staked off in a way to indicate corners and the streets. The land has since been regularly subdivided into blocks and lots, the lots being one hundred and fifty-five feet in length by sixty feet in width. After the land was staked off, and before it was platted, the defendant agreed with the plaintiff that if he would put his blacksmith shop on the south side of the track, and not remove from the place, as he contemplated doing, he would give him ground upon which to place it. In pursuance of this agreement, the plaintiff built his shop on a corner, which, when the land was subdivided by the platting, was lot 5, in block 2. These lots of sixty feet in width were designed in platting the ground for three business lots of twenty-two feet each. Thereafter defendant made, and sent to plaintiff through the mail, a deed for the south twenty-two feet of said lot 5, on which the shop stands. This suit is brought to compel a conveyance of lot 5 entire, under a claim that such was the agreement. The district court found the issues with the plaintiff, and gave a decree for performance. We think the evidence does not warrant such a decree. If there is a preponderance of evidence, it is with the defendant. The agreement to give the lot was an oral one. Plaintiff says the defendant agreed to give him a lot on which to place his shop, and that he told him the lots were four rods by eight. The defendant says in his testimony that nothing was said about the size of the lot or ground. At that time the land was not divided into lots, and he says that he told him he would give him the ground to place the shop on. That/ is the situation of the case upon the statement of the facts by the parties. Plaintiff's claim is not materially aided by other witnesses or facts. The only witness to the conversation on which plaintiff relies is one Howe, who was a witness for plaintiff, and he said: "I know the parties to this suit. Was present and heard the conversation between the defendant, Mr. Scott, and Mr. Underkoffler, in reference to putting a shop on a piece of land south of the rail-

road, where Alexander is situated. The conversation was right down in front of a blacksmith shop that Mr. Underkoffler had there at that time, on the north side of the railroad. Scott told him he would give him some ground, or a lot, or something,—I don't remember what,—on the other side, if he would stay and put a shop there. I don't remember that he said anything about how big the lot was, or about it being four by eight. I don't think there was anything about the size. The shop was built six years ago in June. I was present at this talk Mr. Underkoffler refers to, when he talks about Mr. Scott riding up. Do not recollect of hearing anything said about the size of the ground. He said he would give him some ground; that is all I remember about it. He said, if he would move over there, he would give him the ground." This testimony supports the claim of the defense. Importance is attached to the fact that for nearly six years plaintiff occupied the remainder of the lot; but the occupancy was of no significance. On the north line of the lot stood an office or paint shop belonging to the defendant, which was likely intended to be placed on the adjoining lot north; but by a mistake it was placed on a line so as to occupy some four feet of lot 5, so that we think the occupancy by the building is nothing in defendant's favor. The occupancy of the remainder of the lot by plaintiff was, as said by a witness, "with truck, machinery, etc., between the paint shop they talk of and the blacksmith shop." The defendant says he did not object to the occupancy, for he did not know that plaintiff claimed the lot, and that the occupancy was only through sufferance on his part. We can not give prominence to all the facts favorable to either side, but, under the evidence, we think there is a failure to show an agreement to convey the entire lot. With that finding, the plaintiff's bill should be dismissed, and the cause is remanded for that purpose. REVERSED.